UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EUNIECIA SNYDER, mother
and next friend of R.P.,
a minor,

        Plaintiff,

v.

FRANKFORT-ELBERTA AREA
SCHOOL DISTRICT, FRANKFORT-
ELBERTA BOARD OF EDUCATION,
THOMAS J. STOBIE, and JEFF
TOUSLEY,

        Defendants.
_____/

Case No. 1:05-CV-824

Hon. Richard Alan Enslen

**ORDER**

      Defendants Frankfort-Elberta Area School District, Frankfort-Elberta Board of Education, Thomas J. Stobie and Jeff Tousley, through counsel, have moved for summary judgment. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L. Civ. R. 7.2(d).

      This suit is brought pursuant to 42 U.S.C. § 1983, the Equal Education Opportunity Act (20 U.S.C. §§ 1701-06), and state law, including the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101 *et seq*. Plaintiff Euniecia Snyder is the mother of an African-American girl, R.P., who during 2004 was a third-grade student at the Frankfort Elementary School. She was the only African-American student in her class and this was her first year in the school. R.P. was having difficulty with her bowel movements due to constipation and this caused her to wipe feces on the bathroom wall. She did not initially admit the problem due to embarrassment. This is a somewhat common problem for grade school aged children in general. (*See* Tousely Dep. 61-63.)

Principal Jeff Tousley, who initially suspected R.P. to be the source of the feces, confronted her about it. When she denied a problem, he believed her. (Tousely Dep. 79-80.) Nevertheless, he suggested to her as a "solution" to the separate problem that she was receiving verbal harassment in the bathroom from other students, that she use a separate health department bathroom located in the principal's office. (Tousley Dep. 78-79.) Tousley did not initially discuss these problems or the "solution" with R.P.'s mother, Euniecia Snyder. Ms. Snyder learned of the problems from a family friend who witnessed R.P.'s non-use of the public restroom. (Snyder Dep. 12-15; Croy Dep. 10.) When R.P.'s mother learned that R.P. was being assigned unequal and segregated facilities, she discussed the matter with Tousley, and was told that the assignment would continue because "We're all more comfortable with her using that bathroom." (Snyder Dep. 22.)

When Ms. Snyder learned that R.P. was experiencing a problem with constipation, she consulted a pediatrician, who determined that R.P., who was then using laxatives, could safely use the public restroom. (Snyder Dep. 20- 24.) This was reported to school officials, who continued to deny R.P. the use of the common girls' restroom. (*Id.*) Only after Snyder obtained counsel and conducted meetings with school officials did the practice officially change to allow R.P. to "immediately resume using the girls' bathroom" on November 5, 2004. (*See* Tousley Dep. 105 & Pl.'s Opp., Ex. E (Nov. 5, 2004 Memo. of Tom Stobie, Superintendent.).) During this time period, R.P. encountered verbal abuse from other students and one incident in which a student called her a "nigger." (*See* Tousley Dep. 115-17.) Corrective action by the school against such students was minimal. (*Id.*) The restroom exclusion lasted for a period of eight weeks.

Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Summary judgment is improper if the evidence shows genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In making this determination, the Court must credit the non-movant's testimony and interpret the record in a light most favorable to the non-movant. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

While the testimony cited by Defendants tends to support their positions, this Court is not permitted to overlook the supporting testimony cited by Plaintiff, including that of Ms. Snyder. Based on such testimony, a jury could reasonably infer that R.P. was denied equal access to restroom facilities solely because of her race. The same jury could reasonably hold Defendants liable for violations of federal and state law. *See Brown v. Board of Educ.*, 347 U.S. 483 (1954) (declaring that "separate but equal has no place" in public education); *Turner v. Randolph*, 195 F. Supp. 677, 680 (D. Tenn. 1961) (prohibiting segregation of public restrooms).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 48) is **DENIED**.

DATED in Kalamazoo, MI:  
December 11, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE